**Lina HA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70223.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.[*]

Decided Jan. 31, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Sanford H. Perliss, Esq., Perliss & Gross, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Jeffrey J. Bernstein, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Lina Ha, a citizen and native of China, petitions for review of the final removal order of the Board of Immigration Appeals ("BIA"), which affirmed without opinion the decision of an Immigration Judge ("IJ") finding Ha not credible and denying her application for asylum, withholding, and Convention Against Torture relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the IJ's decision because the BIA affirmed summarily. *See Khup v. Ashcroft*, 376 F.3d 898, 902 (9th Cir.2004). Our review is deferential, requiring only a "legitimate articulable basis to question the petitioner's credibility, and ... a specific, cogent reason for any stated disbelief." *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003) (quotations omitted).

The IJ gave a number of legitimate bases for disbelieving Ha's testimony, and supported them with specific examples. He noted that although she testified she had been persecuted on religious grounds, she returned to China the same year with religious materials, claiming she was motivated by business although she could have sent or faxed in her report from the California branch office of her employer. Ha's testimony about her employer's level of knowledge about her claimed persecution and his support for her was inconsistent and implausible. For example, Ha claimed that in 1997 she returned to the United States without his knowledge although he had summoned her back to China. Ha's late application for asylum was not explained by the letter from her husband, which appeared to have been prepared only for the purpose of supporting her asylum application. Without corroborating documents to overcome the weaknesses in her testimony, Ha did not show that the evidence compelled a contrary conclusion that would overcome our deference to the IJ's credibility determination. *See Malhi*, 336 F.3d at 993.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

We also conclude that Ha was not denied due process, because the IJ did consider her case at length on its individual merit.

**PETITION FOR REVIEW DENIED.**